UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRIK DELANO MCCLELLAN,

        Petitioner,                    Case Number: 06-10045

v.                                      HON. MARIANNE O. BATTANI

BLAINE LAFLER,

        Respondent.
                                        /

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR STAY OF THE PROCEEDINGS AND DISMISSING PETITION WITHOUT PREJUDICE**

        Petitioner, Tyrik Delano McClellan, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of his constitutional rights.  He challenges his convictions for first-degree murder, possession of a firearm during the commission of a felony, and felon in possession of a firearm.   He was sentenced to life imprisonment for the murder conviction, two years imprisonment for the felony-firearm conviction, and nineteen months to five years imprisonment for the felon in possession conviction. Now before the Court is Petitioner's Motion for Stay of the Proceedings so that he may return to state court to present additional, unexhausted claims.  The Court shall deny Petitioner's motion and dismiss the petition without prejudice.

        The doctrine of exhaustion of state remedies requires state prisoners to "fairly

present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

In his Motion to Stay Proceeding, Petitioner asks the Court to stay the petition and hold it in abeyance to "allow him to federalize his claims and to exhaust his new claims that according to the merits will entitle him to relief." Brief in Support of Motion at p. 1.

The Supreme Court has approved the "stay-and-abeyance" procedure Petitioner asks this Court to apply to his petition, but the Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S.

269, ___, 125 S. Ct. 1528, 1535 (2005).  The Court recognized that the "stay-and-abeyance" procedure addresses the problem presented when a petitioner files a timely but mixed petition in federal district court and the district court dismisses it under the rule requiring total exhaustion after the limitations period expires.  Because the filing of a petition for habeas corpus in federal court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would be untimely.  Recognizing the "gravity of this problem," the Supreme Court held that a federal court may stay a petition in federal court to allow the petitioner to present unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless."  Id.

In this case, Petitioner does not identify the claims he states are unexhausted.  Consequently, the Court may not determine whether the unexhausted claims are "plainly meritless."  Following the dictates of Rhines, the Court finds that the petition, therefore, may not be stayed and shall be dismissed without prejudice.

While the "stay-and-abeyance" procedure may not be applied to Petitioner's case because he fails to satisfy the Rhines test, the Court may nevertheless provide safeguards so as not to "'jeopardize the timeliness of a collateral attack.'"  *also* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001).  The Court shall adopt the safeguards approved by the Sixth Circuit in Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002).  The Court shall dismiss the petition

3

without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, December 26, 2005, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within sixty days of this Court's Order and returning to federal court within sixty days of exhausting his state remedies. Hargrove, 300 F.3d at 718.

Accordingly, it is **ORDERED** that Petitioner's Motion for Stay of the Proceedings is **DENIED**.

**IT IS FURTHER ORDERED** the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from December 26, 2005, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within sixty days of exhausting state court remedies.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2006

4